**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 99-4690

RODNEY TERRELL NEWSOME,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-99-42)

Submitted: August 29, 2000

Decided: October 17, 2000

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Anne Margaret Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Terrell Newsome appeals his conviction entered on his guilty plea to escape from federal custody in violation of 18 U.S.C. § 751 (1994), and interstate transportation of stolen property in violation of 18 U.S.C. § 2312 (1994). Newsome noted a timely appeal and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court had committed reversible error in conducting Newsome's Fed. R. Crim. P. 11 hearing. Appellate counsel also suggested that Newsome's attorney during his plea and sentencing failed to provide constitutionally sufficient assistance. See Strickland v. Washington, 466 U.S. 668, 688 (1984). The time for filing a supplemental brief has passed and Newsome has not responded, despite being advised of his right to do so. Because we find counsel's assignments of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Newsome's conviction and sentence.

On appeal, counsel identifies no specific error in the district court's Rule 11 hearing and our review of the record reveals none. The district court conducted a thorough hearing, insuring that Newsome understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of the Sentencing Guidelines. Further, the court ascertained that Newsome's plea was voluntary and that a factual basis existed for his plea. See Fed. R. Crim. P. 11; United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991). Newsome's substantial rights were adequately protected by the district court's proceedings. See DeFusco , 949 F.2d at 117. With respect to Newsome's claim that his counsel did not provide him with constitutionally adequate assistance, see Strickland, 466 U.S. at 688, such a claim is only appropriate for direct appeal where counsel's ineffectiveness is apparent from the face of the record. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Because there is no error of this magnitude discernible from the record, we note that Newsome's allegations are better suited for a motion under

2

28 U.S.C.A. § 2255 (West Supp. 2000). See DeFusco, 949 F.2d at 120.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Forth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Newsome's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3